**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| THE GOODYEAR TIRE AND RUBBER COMPANY, | ) ) ) | CASE NO. 5:11-cv-01170 |
| Plaintiff, | ) ) ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| G4S SECURE SOLUTIONS (U.S.A.) INC., f/k/a THE WACKENHUT CORPORATION, | ) ) ) ) | **RULE 26(f) REPORT AND DISCOVERY PLAN** |
| Defendant. | ) | |

1. Pursuant to Fed. R. Civ. P. 26(f) and LR 16.3(b)(3), a meeting was held on December 15, 2011, at 10:30 am and was attended telephonically by:

**Elizabeth T. Smith,** counsel for plaintiff The Goodyear Tire and Rubber Company
**Thomas R. Crookes**, counsel for plaintiff The Goodyear Tire and Rubber Company
**Max W. Thomas**, counsel for defendant G4S Secure Solutions (U.S.A.) Inc., f/k/a  The Wackenhut Corporation

2. The parties recommend the following track:

☐ Expedited    **X Standard**    ☐ Administrative
☐ Complex      ☐ Mass Tort

3. This case is suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

☐ Early Neutral Evaluation          ☐ Summary Jury Trial
☐ Mediation                         ☐ Summary Bench Trial
☐ Arbitration                       **X Case not suitable for ADR at this time**

4. The parties **do not** consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

5. <u>Initial Disclosures</u>: (check one)

☐ a) Plaintiff made initial disclosures on __**N/A**__ and all other parties made initial disclosures on __**N/A**__.

☐ b) This is an ERISA case and does not require initial disclosures.

**As set forth in further detail in Section 7, both parties agree that this action may be resolved by way of cross-motions for summary judgment on the legal issue of enforceability and applicability of a contractual indemnity provision. As a result, both parties agree that initial disclosures are not necessary at this time.**

6. <u>Subsequent proceedings</u> (for non-ERISA cases):

a) Recommended Discovery Plan: Describe the subjects on which discovery is to be sought and the nature and extent of discovery, including any limitation on the number of interrogatories, the number and/or length of depositions, and/or the number of requests for admission.

**As set forth in further detail in Section 7, both parties agree that the issues in this case may be resolved by way of cross-motions for summary judgment on the legal issue of enforceability and applicability of a contractual indemnity provision. As a result, both parties agree that discovery is not necessary at this time, nor is it possible at this stage to determine what discovery might be appropriate at a later time, should the motions be denied at a later date.**

b) The parties (indicate one):

**X** agree that there will be no discovery of electronically-stored information; or

☐ have agreed to a method for conducting discovery of electronically-stored information; or

☐ have agreed to follow the default standard for discovery of electronically-stored information (Appendix K to N.D. Ohio Local Rules).

    c)      Discovery cut-off date: __N/A__

    d)      Recommended dispositive motion date:

**Because the parties agree that this matter should proceed on the filing of cross-motions for summary judgment, they respectfully offer the following proposed briefing schedule:**

| | |
|---|---|
| **January 30, 2012:** | **Filing of Joint Stipulated Facts** |
| **March 15, 2012:** | **Filing of Cross-Motions for Summary Judgment** |
| **April 16, 2012:** | **Filing of Memoranda in Opposition to Motions** |
| **April 30, 2112:** | **Filing of Reply Memoranda in Further Support of Motions** |

    e)      Recommended deadline for amending the pleadings and/or adding additional parties: __N/A__.

    f)      Recommended date for a Status Conference:

**At the Court's discretion once motions have been fully briefed.**

7.      Other matters for the attention of the Court:

**Both parties agree that this case involves the enforceability and applicability of a contractual indemnity provision and that there are no genuine issues of material fact precluding judgment as a matter of law. However, the parties disagree as to the enforceability and applicability of such contractual indemnity provision. Therefore, the**

**parties respectfully request the right to proceed with the filing of cross-motions for summary judgment. Should both motions be denied and/or an issue of fact be determined to exist, then the parties would then determine what disclosures and/or discovery may be appropriate.**

**Settlement Demands/Offers: The parties have each respectfully made demand upon the other for indemnification, defense, and fees or subrogation as applicable. Each party has responded to the other. However, in light of the ongoing underlying litigation, ongoing litigation expenses, and unknown future liability arising therefrom, both parties agree that until a decision is made by the Court as to the respective parties' rights, further settlement discussion would not be productive at this time.**

**In addition, Wackenhut has separately filed a motion requesting leave to excuse its representative (who is located in Florida) from attending the Case Management Conference in person, since the issues to be discussed at the CMC are limited in scope. Goodyear does not oppose Wackenhut's request.**

4

Respectfully submitted,

| | |
|---|---|
| **VORYS, SATER, SEYMOUR AND PEASE LLP** | **ULMER & BERNE LLP** |
| /s/ Elizabeth T. Smith | /s/ Max W. Thomas, by ETS per email approval |
| Elizabeth T. Smith (#0012075)<br>VORYS, SATER, SEYMOUR AND PEASE LLP<br>52 East Gay Street<br>Columbus, Ohio 43215<br>(614) 464-5443<br>(614) 719-4976 *facsimile*<br>etsmith@vorys.com | Max W. Thomas (0076998)<br>Jeffrey S. Dunlap (0067923)<br>The Skylight Office Tower<br>1660 W. 2nd Street, Suite 1100<br>Cleveland, OH  44113<br>(216) 583-7214<br>(216) 583-7215 *facsimile*<br>mthomas@ulmer.com<br>jdunlap@ulmer.com |
| Thomas R. Crookes  (#0038969)<br>Ashley M. Manfull  (#0071372)<br>106 South Main Street, Suite 1100<br>Akron, Ohio 44308<br>(330) 208-1000<br>(330) 208-1001 *facsimile*<br>trcrookes@vorys.com<br>ammanfull@vorys.com | *Counsel for Defendant*<br>*G4S Secure Solutions (U.S.A.) Inc.,*<br>*f/k/a The Wackenhut Corporation* |
| *Counsel for Plaintiff*<br>*The Goodyear Tire and Rubber Company* | |